UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAROLD SMITH, | : CIVIL ACTION NO. : 3:21-CV-01167 |
| Plaintiff, | |
| VERSUS | |
| ACCESS HOME INSURANCE COMPANY AND C&S INSURANCE SERVICES, INC. | |
| Defendants | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL PURSUANT TO F.R.C.P. 12(B)(6)**

Defendant Access Home Insurance Company ("Access") submits this memorandum in support of its motion for partial dismissal as to plaintiff, Harold Smith's ("Plaintiff") claims for declaratory judgment pursuant to F.R.C.P. 12(b) (6).

**I.  PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit against Access through his Second Amended Complaint on August 3, 2021. Plaintiff sued Access for breach of insurance contract and violations of La. R.S. 22:1892 and La. R.S. 22:1973, claiming that Access allegedly failed to comply with the notice requirements of La. R.S. 22:887. (Second Amended Complaint, ¶44, 51). In short, Plaintiff's home allegedly sustained damages as a result of a fire. Access denied plaintiff's claim on the basis that the policy had been canceled before the incident occurred. Plaintiff disagreed, and now seeks coverage under the terms of the policy as well as penalties and attorney fees under the Louisiana insurance code.

However, plaintiff has also asserted a "cause of action," or at least a request, for declaratory judgment pursuant to 28 § U.S.C. 2201. *See* Second Amended Complaint, ¶ 4. Specifically, under Count IV of plaintiff's Complaint, plaintiff recites various sections of the Louisiana Insurance Code, then states that plaintiff seeks a declaratory judgment that:

(1) Access had an obligation to comply with the 30-day and 60-day statutory timelines for payment under La. R.S. 22:1892 and 22:1973, insofar that the insurer must tender undisputed payments on a claim within within the statutory time after receiving satisfactory proof of loss (*Id.* at ¶ 63); and

(2) Access's 30-day and 60-day timelines under the aforementioned statutes began to run upon the date Access became aware that the insured premises were substantially damaged by fire and was aware the notice of cancellation was not actually delivered to plaintiff (*Id.* at ¶ 64).

As is discussed below, plaintiff has brought a straightforward damages claim for breach of an insurance contract. Plaintiff's apparent additional prayer for declaratory relief, which in essence seeks nothing more than application of basic and potentially applicable Louisiana insurance law in connection with his bad faith damages claim, is premature at best and does nothing to streamline or avoid litigation given that plaintiff has already brought suit for damages. The exact same issues of fact and law can be adjudicated in connection therewith. Plaintiff's claims for declaratory judgment are therefore unnecessary, redundant, only serve to muddy the water and should be dismissed.

II. **PLAINTIFF'S ATTEMPTED USE OF A DECLARATORY ACTION IN THIS CASE IS IMPROPER.**

Pursuant to Rule 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true. Whether the Court

2639168v.1

should exercise its discretion to dismiss a claim for declaratory relief is appropriately addressed on the basis of a Rule 12(b)(6) motion to dismiss. *See U.S. v. Louisiana*, 2011 WL 6012992 (M.D. La. 2011); *Exxon Mobil Corp. v. Turner Industries Group, LLC*, 339 Fed.Appx. 441, 444 (5th Cir. 2009). When determining whether to dismiss a declaratory judgment action, district courts must affirmatively answer three questions: (1) whether the action is justiciable; (2) whether the court has authority to grant declaratory relief; and (3) whether to exercise its discretion to decide rather than dismiss the action. *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

In the instant case, Access does not question whether Plaintiff's underlying cause of action for insurance proceeds is justiciable, nor whether the Court has authority to make the factual and legal determinations at issue insofar as they may ultimately become relevant within the context of plaintiff's pending damages claim. However, the Court should nevertheless exercise its discretion *not* to entertain any portion of Plaintiff's claims in the context of a declaratory action because it would serve no useful purpose.

> As stated by the United States Firth Circuit:
>
> The purpose of the Declaratory Judgment Act is "to afford one threatened with liability an **early adjudication** without waiting until his adversary should see fit to begin an action after the damage has accrued." **The declaratory judgment vehicle also is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil** or criminal **law, or a breach of a contractual duty**. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (citations omitted)(emphasis added).

The purpose of the Section 2201 is *not* served by trying a case piecemeal. *ODECO v. Fortenberry*, 1989 WL 152707 (E.D. La. 1989). If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful

purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Here, plaintiff seeks "declaratory" rulings as to whether the statutory deadlines for paying an insurance claim applied and if so, when they commenced—issues which are largely associated with his claim for bad faith penalties and attorney fees. These issues are part and parcel of most any claim for insurance proceeds, are already at issue in plaintiff's claim for damages and are also irrelevant unless and until it is established that the Access policy was even in effect. No reason has or can be given as to why the Declaratory Judgment Act need be utilized to in order for the Court to make these determinations.

Declaratory relief serves no purpose in this case. It would not prevent the underlying loss at issue. It would be premature without first determining whether a contract of insurance was even in effect at the time of the loss. It would not prevent or streamline litigation over the damages claim that plaintiff has simultaneously asserted. It would be redundant given that the same issues can be determined at the trial of plaintiff's claim for damages. As such, plaintiff's attempted use of the Declaratory Judgment Act is improper, redundant, and plaintiff's claims for declaratory relief should be dismissed.

## VII. CONCLUSION

Plaintiff has asserted a standard claim for damages that does not additionally require a declaratory judgment over findings of fact and/or law that would be part and parcel of his pending damages claim. Plaintiff's claims for declaratory judgment are therefore redundant, improper and should be dismissed without prejudice.

4

2639168v.1

Respectfully submitted,

By: /s/ Amy Groves Lowe
AMY GROVES LOWE, T.A., BAR #25071
JOHN M. PARKER, JR., BAR #32629
TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.
P.O. Box 2471
Baton Rouge, LA 70821
Phone: (225) 387-3221
Fax: (225) 215-8751
Email: amy.groves.lowe@taylorporter.com
**Attorneys for Defendant Access Home Insurance Company**

CERTIFICATE

The undersigned hereby certifies that on this 20th day of August, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/Amy Groves Lowe
Amy Groves Lowe