UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**HAROLD SMITH, SR.**                          **CASE NO. 3:21-CV-1167**

**VERSUS**                                                **JUDGE TERRY A. DOUGHTY**

**ACCESS HOME INSURANCE**               **MAG. JUDGE KAYLA D. MCCLUSKY**
**COMPANY AND C&S**
**INSURANCE SERVICES, INC.**

## REPORT AND RECOMMENDATION

Before the undersigned is a partial motion to dismiss for failure to state a claim filed by Defendant Access Home Insurance Company ("Access"). This motion was filed in response to Plaintiff Harold Smith, Sr.'s ("Smith's") motion for declaratory judgment. The partial motion to dismiss is opposed. For the reasons assigned below, it is recommended that Access's motion be **GRANTED**, and Smith's Declaratory Judgment action be **DISMISSED**.

### I. BACKGROUND

In 2020, Smith switched his homeowners insurance provider from C&S Insurance Services, Inc. ("C&S") to Access, although Smith retained C&S as his provider for other forms of insurance. [doc. #1]. As his primary insurance provider, C&S assisted Smith with his insurance application for Access, specifically providing Access with Smith's mailing information. *Id.* During this time, Smith owned a home at 320 Howard Street, Oak Grove, Louisiana, an address to which mail could not be delivered. *Id.* Accordingly, Smith maintained a P.O. box in Kilbourne, Louisiana, where he received his mail. *Id.* Smith claims that C&S knew Smith received his mail at this P.O box, but did not maintain this information in Smith's file, and

failed to provide this address to Access when C&S was assisting with Smith's application process.  *Id.*

Ultimately, Smith obtained from Access a homeowners insurance policy which was to be effective from August 3, 2020, to August 3, 2021.  *Id.*  This policy provided Access the ability to cancel coverage (1) for any reason within 60 days of the beginning of the policy; or (2) at any time for failure to pay the premium.  *Id.*  Allegedly, Access sent Smith a letter stating that if he did not trim tree branches on his property, his policy would be cancelled.  [doc. #13].  Smith, who claims he did not receive this letter, did not trim the branches, and Access cancelled his policy on September 23, 2020.  *Id.*

On October 20, 2020, Smith's home was damaged by a fire, and he immediately filed an insurance claim.  *Id.*  Access denied the claim on the grounds that the policy had been cancelled.  *Id.*

In response, on April 30, 2021, Smith filed a Complaint [doc. #1] in this Court, asserting jurisdiction of the basis of diversity of citizenship under 28 U.S.C. § 1332, and also pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, and Federal Rule of Civil Procedure 57.

Smith asserts claims against Access and C & S.  As to Access, Smith asserts a breach of contract claim based on its alleged failure to comply with statutory requirements for canceling his insurance policy and breach of good faith and fair dealing.  In addition, or alternatively, Smith seeks reformation, extracontractual damages, and a declaratory judgment confirming whether Access had an obligation to comply with statutory deadlines for paying Smith's insurance claim.  Smith also asserts claims against C&S, claiming that as its insurance agency,

C&S owed Smith a duty of care and that this duty was breached when C&S failed to include Smith's accurate mailing address in the materials it provided to Access, and when C&S, despite having knowledge of the cancellation of Smith's policy, failed to notify Smith of the cancellation. *Id.*

On June 18, 2021, Smith filed his First Amended Complaint [doc. #3].

On July 12, 2021, Access filed a Motion to Dismiss [doc. #7] on the basis that Smith cited to Louisiana statutory provisions which are no longer in effect.

On August 1, 2021, Smith filed a Motion for Leave to File Second Amended Complaint [doc. #12] and a memorandum in opposition [doc. #13] to the pending Motion to Dismiss. The undersigned granted leave, and Smith's Second Amended Complaint was filed in the record [doc. #15], thereby rendering the Motion to Dismiss moot. [doc. #24].

On August 20, 2021, Access filed the instant "Rule 12(b)(6) Motion for Partial Dismissal" [doc. #18]. Access moves for the dismissal of Smith's claims for declaratory judgment. On September 3, 2021, Smith filed a memorandum in opposition to the motion [doc. #23]. Under the Court's notice of motion setting, the deadline for filing a reply has passed, and the motion is ripe.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure allow dismissal of a claim where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff states a claim when the pleading contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). While the pleading need not assert detailed factual allegations, it must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In deciding a motion to dismiss, the court must accept all the plaintiff's allegations as true, unless the allegation is a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Id.* Although legal conclusions may be asserted, "they must be supported by factual allegations" to gain the assumption of truth. *Id.* at 664. A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, the court may dismiss a complaint "if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation marks omitted).

### III. ANALYSIS

The purpose of a declaratory judgment is "to provide a means of settling an actual controversy before it ripens into a violation of . . . law, or a breach of a contractual duty." *Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). District courts have broad discretion to decide whether to grant or dismiss an action for declinatory judgment. *Wilton v. Seven Falls Co.*, 41 F.3d 934, 935 (5th Cir. 1994). In making this decision, the district court must make three determinations: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide the action. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). The third element requires the court to look to the *Trejo* factors, a list of seven nonexclusive factors which

address federalism, fairness, and efficiency. *Watkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F.Supp.2d 778, 781 (S.D. Miss. 2006). The *Trejo* factors are

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and . . . (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

Here, Smith and Access both admit, and the Court agrees, that Smith's action for declaratory judgment is judiciable and that the Court has authority to grant relief. [docs. #18-2; 23]. However, the parties disagree as to whether the Court should use its discretion to decide or dismiss the action for declaratory judgment. *Id.* Access argues that the Court should not exercise its discretion to entertain any portion of Smith's claims in the context of a declaratory action "because it would serve no useful purpose." [doc. #18-2, p. 3]. Although Smith seeks "'declaratory' rulings as to whether the statutory deadlines for paying an insurance claim applied and if so, when they commenced," Access argues that they issues "are part and parcel of most any claim for insurance proceeds, are already at issue in plaintiff's claim for damages and are also irrelevant unless and until it is established that the Access policy was even

5

in effect." *Id.* at p. 5. Smith counters that "[t]he purpose of a declaratory judgment action is for the court to declare the legal rights and relations between parties," that "[d]eclaratory judgment is properly used to determine parties' rights concerning contractual obligations," and, therefore, it is a "proper use of the Court's discretion" to consider whether La. R.S. 22:1973 and 22:1892 state that an insurer must issue payment on casualty insurance claims within certain deadlines. [doc. #23].

In determining whether to exercise discretion under the Declaratory Judgment Act, the undersigned first looks to the *Trejo* factors.

The first factor does not appear applicable. "The first Trejo factor, whether there is a pending state action in which all the matters in the controversy may be litigated, requires the court to examine comity and efficiency." *Sherwin-Williams*, 343 F.3d at 391. In this case, there is no pending, parallel *state court* case. Nevertheless, some district courts in the Fifth Circuit have applied this factor to parallel *federal* proceedings, finding that an existing suit regarding the same issues, no matter the tribunal, mars efficiency. See *Watkins*, 433 F.Supp.2d at 782; *Chapa v. Mitchell*, No. 05-cv-769, 2005 WL 2978396, at *3 (W.D. Tex. Nov. 4, 2005); *Pertuit v. Youthspan, Inc.*, Nos. 02-cv-1188, 02-3443, 2003 WL 356021, at *5 (E.D. La. Feb. 13, 2003). In any event, there has to be a *parallel* case in *some* court. In the present action, Smith brings all his claims in one action in this Court: for breach of contract, bad faith, and for a declaratory judgment.

The second, third, and fourth *Trejo* factors are also inapplicable to this case. These factors are intended to ensure the declaratory plaintiff is not using the action for declaratory judgment to prejudice the "real" plaintiff; however, because Smith is both the "real" and declaratory plaintiff, these factors are neutral. *Sherwin-Williams*, 343 F.3d at 391-92.

The fifth factor, the convenience of the forum, weighs in favor of considering the declaratory judgment claim. Access does not oppose the declaratory judgment action on the grounds that this is an inconvenient forum, and the Western District of Louisiana appears to be a convenient forum for everyone involved. Smith, although a domiciliary of Arkansas, brought suit in this Court, and all Defendants are domiciled in Louisiana and at least one Defendant's place of business in located in the Monroe Division. Further, because the events giving rise to the underlying dispute occurred in a parish encompassed by this Court, it is likely that any witnesses involved will reside, or at least have ties, to this District and this Division. Accordingly, the fifth factor weighs in favor of deciding the case.

However, the sixth factor is either inapplicable or weighs against consideration of the declaratory judgment claim. The underlying suit will either settle the issues raised in the action for declaratory judgment or deem them irrelevant. District courts in the Fifth Circuit typically dismiss declaratory judgments which seek adjudication of issues which will be decided in an underlying lawsuit. See *Am. Equip. Co., Inc. v. Turner Bros. Crane and Rigging, LLC.*, No. 13-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) ("Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit."). Here, the issues for which Smith is seeking declaratory judgment must be decided if they ultimately become relevant. The lawsuit involves a question of whether a contract existed, and the declaratory judgment action involves a question of when Access was obligated to perform its obligations under the contract. Thus, if Smith prevails in showing that the insurance contract between him and Access was in effect on the date of the fire, whether Access complied with its statutory deadlines for paying Smith's claim must be addressed. In the event that Smith does not prevail on his breach of contract claim, the statutory deadlines relating

to insurance pay-outs will be wholly irrelevant and, thus, will not be ruled on. If this is the case, a declaratory judgment on these issues will result in expending unnecessary time, energy, and resources for an issue which is ultimately immaterial. Therefore, dismissing the action for declaratory judgment will not enhance judicial economy; however, deciding it will certainly mar it if Smith is unsuccessful in his breach of contract claim. Therefore, to the extent that the sixth factor is relevant, it overwhelmingly leans towards dismissal.

As to the seventh and final *Trejo* factor, the Court is not being asked to construe a state judicial decree involving the same parties and entered by the court before whom the parallel suit is pending. Therefore, this factor weighs in favor of deciding the action.

Ultimately, the application of the *Trejo* factors provides little assistance in this particular case. This is a straightforward claim for breach of contract and bad faith penalties brought by Smith against his agent and insurer (or former insurer). As stated, the purpose of the Declaratory Judgment Act is to settle a controversy **before** it ripens into a violation or breach, but, in this case, there has to be a determination as to whether there was an effective contract before it can be determined whether the statutory deadlines for paying an insurance claim applied to Access and, if so, when those deadlines began. [docs. #15; 23]. If Smith succeeds in showing that his insurance policy was in effect at the time of the occurrence, the statutory deadline issues will be a central part of the case and will have to be ruled on at trial. Therefore, if this issue ultimately becomes relevant, it will be litigated in the case already before this Court.

Under these circumstances, there is no efficiency in determining when Access was obligated to perform its contractual duties before the existence of a contract is even established. His claim is redundant of considerations already before the Court and unnecessary to its jurisdiction, given the diversity between the parties and amount in controversy. Moreover, the

Court notes that Smith is not being barred from pursuing the claims raised in his declaratory judgment action; the Court is merely disallowing him from using a declaratory judgment as a vehicle to have those claims prematurely decided. Therefore, **IT IS RECOMMENDED** that Access's motion be **GRANTED**, and Smith's Declaratory Judgment action be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 24th day of September 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE